# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Joseph D. Wagner, Sr.,                    Case No. 3:17CV1616

       Plaintiff

       v.                                    **ORDER**

Warden Charles Bradley,

       Defendant

This is a habeas corpus case in which the petitioner has filed objections (Doc. 15)[1] to United States Magistrate Judge Kathleen M. Burke's Report & Recommendation (Doc. 13), in which she recommended dismissal of the petition.

On *de novo* review, I find the Report & Recommendation well taken, adopt it as this court's order, and dismiss the petition. I decline to issue a Certificate of Probable Cause.

## Background

An Erie County, Ohio, Common Pleas Court jury convicted the petitioner of ten counts of rape of two minor victims, who were his granddaughters. The court imposed a sentence of eleven years on one count and life in prison without parole on the other nine counts.

The victims, L.M. and J.M., testified at trial, as did their parents and several witnesses, individuals who either investigated the allegations or tended to the victims following reports of the abuse. Among these witnesses were Corey Mook, a police officer; Rebecca Boger, an intake

---

[1] Petitioner's objections to the Report & Recommendation are generic and conclusory, rather than asserting specific flaws in the Report & Recommendation's statement of the issues, recitation of applicable law, or analysis. Thus, I summarize those aspects of the Report & Recommendation en route to finding no flaws in any of those.

1

investigator in the Children's Services Division of the Ohio Department of Job and Family Services; Jacqueline Spadaro, a mental health therapist who counseled victim L.M.; Rebecca Dills, a mental health therapist who counseled victim J.M.; and Melinda Kuebler, a sexual assault nurse who examined L.M.

The petitioner filed a direct appeal, in which he raised six assignments of error:

> 1. The trial court erred and abused its discretion by finding alleged victim J.M. competent to testify.
>
> 2. The trial court erred by admitting hearsay statements which caused defendant irreparable prejudice.
>
> 3. The convictions are not supported by sufficient evidence and are against the manifest weight of the evidence.
>
> 4. Prosecutorial misconduct deprived appellant of due process and a fair trial.
>
> 5. Cumulative error deprived appellant of due process and a fair trial.
>
> 6. The trial court erred in imposing restitution.

The appellate court affirmed the petitioner's convictions but ordered a reduction in the restitution amount, which the trial court corrected on remand.

Petitioner sought discretionary review by the Ohio Supreme Court. He raised three grounds:

> 1. Evid. R. 803(4) bars from admission a victim's hearsay statements given for forensic or investigative purposes. Therefore, each hearsay statement in a dual-purpose interview must be individually examined for its purpose.
>
> 2. Convictions for multiple counts of rape are unsupported by sufficient evidence where the victim does not testify to a corresponding number of separate and distinct instances of sexual conduct.
>
> 3. Where the prosecutor repeatedly ignores judicial instructions for questioning witnesses, is admonished in closing argument, and repeatedly introduces prejudicial information, pervasive prosecutorial misconduct deprives the defendant of a fair trial in violation of the Sixth and Fourteenth Amendments to the U.S. Constitution and in violation of the Ohio Constitution, Article I, Sections 10 and 16.

After the Ohio Supreme Court declined jurisdiction, the petitioner filed his pending habeas petition, which he subsequently amended. He asserts three grounds for relief, some with multiple subparts:

1. Ground One: Ten "instances of egregious prosecutorial misconduct so infected the trial with unfairness as to make the resulting conviction a denial of due process." (Doc. 4 at 4).

2. Ground Two: "[T]he trial court improperly admitted prejudicial hearsay by allowing the state to have witnesses to testify as to the child victim's statements when those statements were hearsay and contradicted the victim's own testimony in violation of his right to due process of law." (*Id.*)

3. Ground Three: "Petitioner's convictions were against the manifest weight of the evidence and . . . he is actually innocent." (*Id.*).

## I. Ground One: Prosecutorial Misconduct

### A. Procedural Default: Items 2-9

The Magistrate Judge concluded that the petitioner procedurally defaulted as to most of the ten instances of prosecutorial misconduct that he asserts here.

I agree with her conclusions. Default resulted because the petitioner failed to raise those claims in his application for discretionary appeal to the Ohio Supreme Court. There, he only asserted that the prosecutor had 1) argued that there were adequate safeguards against false accusation and 2) made the jury aware that petitioner was in jail at the time of trial.

Omission of the other grounds that he asserts here constituted procedural default. *See, e.g.*, *Williams v. Mitchell*, 792, F.3d 606, 613 (6th Cir. 2015) (petitioner must present his claim to the Ohio Court of Appeals and the Ohio Supreme Court).

Moreover, it's not enough simply to allude generally to due process violations in the state appellate proceedings; instead, to avoid the default bar, a habeas petitioner must have enunciated the same specific constitutional violation he raises here during those proceedings. *See, e.g.*,

*McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000).

Petitioner, as the Magistrate Judge noted, does not allege, much less show, sufficient cause or prejudice to excuse his default. *Cf. Lundgren v. Mitchell*, 440 F.3d 754, 764 (6th Cir. 2006) ("Habeas petitioners cannot rely on conclusory assertions of cause and prejudice to overcome procedural default; they must present affirmative evidence or argument as to the precise cause and prejudice produced.").

And, as the Magistrate Judge also correctly pointed out, a claim of ineffective assistance of counsel in the course of his application for discretionary appeal to the Ohio Supreme Court would be unavailing: there is no right to counsel when seeking such review. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).

Nor is the escape hatch of a showing of a fundamental miscarriage of justice open to the petitioner; he fails to show that his is "an extraordinary case" in which "a constitutional violation has probably resulted in the conviction of one who is actually innocent[.]" *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Such claim requires the petitioner to produce new and reliable evidence that was not presented at trial. *E.g.*, *Schlup v. Delo*, 513 U.S. 298, 324, 327 (1995). Petitioner acknowledges he has no such evidence.

Thus, the Magistrate Judge correctly concluded that procedural default in the Ohio Supreme Court precludes consideration of the merits of, much less relief on items 2-9 of his first ground.[2]

### B. Merits: Items 1, 10

---

[2] I likewise agree with the Magistrate Judge's conclusion, albeit as dictum, that item 9 of Ground One failed on its merits.

Turning to the two items in Ground One that procedural default does not bar – 1 and 10, the Magistrate Judge found those challenges fail on their merits. Here, again, she was correct.

With regard to item 1 – improper prosecutorial comment/vouching about her ability to detect and avoid false accusations – I agree with the Magistrate Judge that the prosecutor's comment, though unnecessary and improper, did not so "infect[] the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)).[3]

The other adequately preserved item (#10) in Ground One relates to the prosecutor's two references to the petitioner's having been jail.[4]

Beyond identifying the portions of the transcript containing the jail reference, the petitioner presents no argument directed to them. Nor does he explain how they caused trial that to be "so infected . . . with unfairness" as to make the trial fundamentally unfair in violation of his right to due process of law. *See, e.g.*, *Darden*, *supra*, 477 U.S. at 181.[5]

## II. Ground Two: Evidentiary Challenges

---

[3] That comment, like so many of the procedurally barred statements, was not necessary to secure the conviction. By at least coming close, if not crossing over clear constitutional lines, the prosecutor potentially exposed an otherwise lawfully gained conviction to reversal on appeal or vacation by this court. A more competent prosecutor, and one compliant with her oath to the fundamental fairness that underlies the Bill of Rights, would have done better.

[4] I agree with the Magistrate Judge's conclusion that, though the state appellate court did not address these references head-on, its overall rejection of the various claims of prosecutorial misconduct on the merits sufficed to encompass those statements.

[5] I agree with the Magistrate Judge that the Ohio appellate court's handling of the issues petitioner raises in items 1 and 10 sufficed to have detect potential damage to the fundamental fairness of the trial. Even with the clear-eyed, long-distance lens of federal habeas hindsight, I cannot conclude that the State trial judge's responses and instructions deficient as a matter either of state procedural or, more pertinently, federal constitutional law.

Petitioner claims in Ground Two that impermissible and constitutionally violative hearsay deprived him of fundamental fairness at trial. As noted above, he also made a similar claim in Ground One vis-a-vis alleged prosecutorial misconduct in leading the child victim witnesses. Because some of the law applicable to the hearsay claims also applies equally to the leading question issue, I discuss both here.

**A. Hearsay: Procedural Default**

The Magistrate Judge found procedural default bars petitioner's hearsay challenges as to Sandusky Police Officer Mook, examining Nurse Keubler, and the victims' parents. She was correct.

The state appellate court used a plain error standard to review some of petitioner's hearsay assignments of error.

In addition, that court, applying the invited error doctrine, pointed out that petitioner's counsel had elicited the challenged hearsay from Ms. Boger.

In applying plain error review to some of the challenged evidence and invited error review as to the other, the appellate court used regular state procedural mechanisms that bar federal habeas review. *E.g.*, *Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir. 2001) (application of Ohio's contemporaneous objection rule is an adequate and independent state ground precluding federal habeas relief); *Grant v. Brigano*, 2007 WL 2782742, *7 (S.D. Ohio) (applying invited error doctrine bars federal habeas review).

Petitioner does not explain the default, thereby failing to meet the cause prong of the cause and prejudice standard. He neither asserted an ineffective assistance of trial counsel on direct appeal nor has brought an Oh. App. R. 26(B) application to reopen his appeal to assert an

ineffective assistance claim re. either his trial or appellate attorneys for failure to preserve the record as to his current hearsay claims. Nor has he shown prejudice or actual innocence.

There is, accordingly, nothing wrong with the Magistrate Judge's finding of default as to the hearsay testimony of those witnesses.

### B. Hearsay: Merits

The Magistrate Judge found no merit with regard to petitioner's claims of impermissible hearsay as to witnesses Spadaro and Dills. These conclusions were also correct

Petitioner concedes that that some of the victims' statements about which Spadaro, and Dills testified were admissible under Ohio R. Evid. 803(4) as statements the victims made to mental health therapists for purposes of medical treatment.

Moreover, the appellate court, for its part, rejected, as a matter of Ohio evidence law, petitioner's claim of inadmissibility under Ohio R. Evid. 807(A)(1)(4), which requires ten days' notice to a defendant as to evidence to be offered under Rule 807. That was not, though, the basis on which the victims' statements came in.

Moreover, as the Magistrate Judge correctly pointed out, under *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991), claims of error relating to state-court determinations of state-law evidentiary issues are not cognizable in federal habeas proceedings. *See also Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988) (federal habeas court assumes that state court's interpretation of Ohio's rules of evidence was correct; challenge to such ruling not cognizable in federal habeas proceeding).

The Magistrate Judge found, and I agree, that petitioner's other challenges to the admission of evidence are without any legal foundation and thus are meritless.

In sum, petitioner's challenges to the state court's evidentiary rulings are unavailing.

7

### C. Leading Questions

As the Magistrate Judge properly concluded, petitioner's claim about how the prosecutor used leading questions when examining the minor victims, aged seven and eleven, has no merit.

The state appellate court noted that the Ohio Supreme Court has held "it is within the trial court's discretion to allow leading questions on direct examination." *State v. Hale*, 892 N.E.2d 864, 898 (Ohio 2008) (citing *State v. D'Ambrosio*, 616 N.E.2d 909, 914 (Ohio 1993)).

As I have noted above, such rulings on state law evidentiary issues are not cognizable in federal habeas proceedings. *Estelle*, *supra*; 502 U.S. 62; *Allen*, *supra*, 845 F.2d 610.

In any event, even if some such rulings were cognizable, federal courts have consistently found no error of constitutional dimension occurs where a state trial court allows a prosecutor to use leading questions when examining young children. *See, e.g.*, *Jordan v. Hurley*, 397 F.3d 360, 363 (6th Cir. 2005) (examining rape victim with leading questions not unconstitutional).

### III. Ground Three: Actual Innocence

The Magistrate Judge concluded that the petitioner's Ground Three, in which he seeks to assert a claim of actual innocence, was not cognizable. In reaching that determination, she was, as in all else in her thorough, well-researched and will-crafted Report & Recommendation, correct.

As the Supreme Court stated in *Herrera v. Collins*, 506 U.S. 390, 400 (1993), and as the Magistrate Judge quoted therefrom, "[c]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." *See also Hodgson v. Warren*, 622 F.3d 591, 601 (6th Cir. 2010); *Cress v. Palmer*, 484 F.3d 844, 854 (6th Cir. 2007).
8

In any event, as the Magistrate Judge also pointed out, the petitioner concedes that he has no new evidence to support his claim of actual innocence. There is, accordingly, no basis on which his actual innocence claim can prevail.

**Conclusion**

The Magistrate Judge correctly canvassed the petitioner's three claims and, as to Grounds One and Two, their multitudinous subparts. She found no basis for relief in any of them; on *de novo* review, neither do I.

It is, accordingly, hereby

ORDERED THAT:

1. The petitioner's objections (Doc. 15) to the Magistrate Judge's Report & Recommendation (Doc. 13) be, and the same hereby are overruled;

2. The Magistrate Judge's Report & Recommendation (Doc. 13) be, and the same hereby is, adopted as the order of the court; and

3. The petition for relief be, and the same herby is, denied with prejudice.

As jurists of reason could not rationally dispute the decision herein or its rationale, no Certificate of Appealability shall issue.

So ordered.

<u>James G. Carr</u>
Sr. U.S. District Judge